# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 26, 2016

Plaintiff-Appellee,

v

No. 324804
Oakland Circuit Court
LC No. 2013-247952-FC

KELLI RENEE HYDE,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right from her convictions following a jury trial of unlawful imprisonment, MCL 750.349b, and assault with a deadly weapon (felonious assault), MCL 750.82.[1] The trial court and sentenced defendant to concurrent prison terms of 6 to 15 years for unlawful imprisonment, and 36 months to 4 years for felonious assault. We affirm.[2]

The crimes at issue in this matter involve defendant, defendant's two sisters (codefendant Tamara Stephens, who appeals separately, and Anika Garnes, who pleaded guilty and whose application for leave was previously denied), defendant's mother (Theola Garnes, who also appeals separately), and their apparent belief that the victim stole two rings from defendant. Defendant took the occasion of the victim's visit to defendant's mother's house, where defendant was living, to invite the victim into her bedroom and ask her about the rings. The victim testified that defendant and Stephens accompanied her to defendant's bedroom where they accused her of stealing the rings. The victim testified that when she denied taking the rings, defendant began to beat her with her fists while Stephens repeatedly struck her with a bat. The victim testified that Stephens also sodomized her with the bat. According to the victim, in order to stop the assault, she lied and told the women that she had stolen and pawned the rings and that the pawn ticket and money were in her purse. When neither a pawn ticket nor money was found in the purse, the beating resumed.

---

[1] She was acquitted of one count each of first-degree criminal sexual conduct, MCL 750.520b, and larceny from a person. MCL 750.357.

[2] This appeal is submitted with the appeals in Docket Nos. 324035 and 324802.

-1-

Defendant argues that her conviction for felonious assault should be reversed because it is undisputed that she did not hit the victim with the bat, and the evidence, taken as a whole, does not establish that she aided and abetted Stephens in committing felonious assault. We review challenges to the sufficiency of evidence de novo, considering the evidence presented at trial in a light most favorable to the prosecution to determine "whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010). We resolve "all conflicts in the evidence . . . in favor of the prosecution," *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008), and "defer to the fact-finder's role in determining the weight of the evidence and the credibility of the witnesses," *People v Bennet*, 290 Mich App 465, 472; 802 NW2d 627 (2010).

Conviction of felonious assault under an aiding and abetting theory requires proof beyond a reasonable doubt of the following:

> (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement. [*Id.* (internal quotation marks and citations omitted).]

"Aiding and abetting" describes all forms of assistance rendered to the perpetrator of a crime and includes all words or deeds that support, encourage or incite the commission of a crime. *People v Moore*, 470 Mich 56, 63; 679 NW2d 41 (2004).

The evidence showed that defendant and Stephens were involved in a common enterprise. One witness to the felonious assault testified that defendant held the victim by the hair or in a chokehold while Stephens was hitting her. This witness speculated that defendant did not hold the victim so Stephens could hit her with the bat, and defendant insisted that she did not ask Stephens to help or tell her to get the bat or encourage her to hit the victim with it. However, it was within the province of the jury to reject the exculpating testimony on defendant's intentions and reasonably infer from the evidence that defendant forcibly restrained the victim so that she could not escape from being beaten with the bat. The jury could also reasonably infer that defendant's actions constituted incitement to her sister to resume hitting the victim with the bat.

Viewed in the light most favorable to the prosecution, and deferring to the jury's credibility determinations, *Ericksen*, 288 Mich App at 197, the evidence was sufficient to prove that defendant aided and abetted the commission of felonious assault.

Affirmed.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens

-2-